IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BENJAMIN LEE DOANE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:11-CV-802-WHA |
| | ) |
| STEVE TATE, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON MOTION**

Upon consideration of the motion for leave to proceed *in forma pauperis* filed by the plaintiff on September 26, 2011 (Court Doc. No. 2), and for good cause, it is

ORDERED that such motion be and is hereby GRANTED.

In accordance with the provisions of 28 U.S.C. § 1915(b)(1), a prisoner who seeks to proceed *in forma pauperis* in a civil action or on appeal is required to pay the full amount of the requisite filing fee. Upon review of the financial information provided to the court, it appears that the plaintiff lacks the requisite funds in his prison account for this court to require payment of either the entire filing fee or an initial partial filing fee. However, under the provisions of 28 U.S.C. § 1915(b)(1), this court must "assess and, when funds exist, collect" the $350.00 filing fee from monies available to the plaintiff. In light of the foregoing and in accordance with the provisions of 28 U.S.C. § 1915(b)(2), it is further

ORDERED that:

1. The plaintiff shall make monthly payments of 20 percent of each preceding month's

income credited to his account as payments towards the $350.00 filing fee.

2. Those persons having custody of the plaintiff shall forward the above described payments from the plaintiff's account to the clerk of this court each time the amount in the plaintiff's account exceeds $10.00 until the $350.00 filing fee is paid in full. *Id.*

To aid the plaintiff and those persons having custody of the plaintiff in complying with the requirements of this order, the clerk is DIRECTED to furnish a copy of this order to the inmate account clerk at the Chilton County Jail.

The plaintiff is advised that if this case is dismissed for any reason he remains obligated to pay the $350.00 filing fee. The filing fee will be collected from any funds which become available to the plaintiff and will be forwarded to this court by those persons having custody of the plaintiff pursuant to the directives contained in this order.

Additionally, the plaintiff is advised that if he files a notice of appeal he will likewise be required to pay the requisite appellate filing fee which is currently $455.00. Thus, if at the time the plaintiff files a notice of appeal he has the necessary funds to pay the $455.00 filing fee, he must submit such amount to the court with the notice of appeal. If the requisite funds are not available and the plaintiff seeks to proceed *in forma pauperis* on his appeal, he must complete an affidavit in support of such request and supply the court with a certified copy of his prison account statement for the 6-month period preceding the filing of the appeal. However, the plaintiff is informed that regardless of this court's determination on his *in forma pauperis* motion the entire appellate filing fee will be collected from those persons

having custody of him from funds available in his prison account in a manner similar to that outlined in this order.

Done this 28th day of September, 2011.

      /s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE